CV-09 2499 orig

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Docket No.: 09-CV-_____(JS)
MARY MILLER,

                *Plaintiff,*

    -against-                              **COMPLAINT**

EQUIFAX CREDIT INFORMATION SERVICES,
EXPERIAN, TRANSUNION, H.S.B.C. BANK, N.A.,
CAPITAL ONE BANK, N.A., FIRST PREMIER
BANK, AMERICAN HONDA FINANCE CORP.,
and MIDLAND CREDIT MANAGEMENT,        (JURY TRIAL DEMANDED)

                *Defendants.*
-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
SEYBERT, J. ★   JUN 11 2009 ★
LONG ISLAND OFFICE

WALL, M.J.

### Introduction

    This is an action for damages brought pursuant to the Fair Credit Reporting Act, Title 15, United States Code, Section 1681 et seq. Plaintiff alleges that the defendant Credit Reporting Agencies, and defendant Creditors above-named, failed or refused to take all steps reasonable and necessary to correct the plaintiff's credit reports, after having been presented with documentary evidence that the accounts listed thereby were either fraudulent in nature, or conditions existed with respect to fraud perpetrated against the plaintiff, by no fault of plaintiffs. Plaintiff seeks monetary, injunctive and declaratory relief.

### Jurisdiction and Venue

    1.    The district courts maintain jurisdiction of cases arising under the Fair Credit Reporting Act ("FCRA") pursuant to the provisions of Title 15, United States Code, Section 1681.

    2.    The district courts are empowered to hear and decide cases involving diverse parties, pursuant to Title 28, United States Code, Section 1332.

1

3. The plaintiff is a citizen of the United States, and State of New York, and is a resident of the Eastern District of New York, County of Nassau.

4. Venue is properly situated in the Eastern District of New York, Long Island Division, pursuant to the Local Rules for the Division of Business, Rule 50.1(d)(2).

**Parties**

5. Plaintiff, at all times relevant to this complaint, was and is a resident of the Eastern District of New York, County of Nassau, State of New York.

6. Defendant EQUIFAX CREDIT INFORMATION SERVICES, at all times relevant to this complaint, was and is, upon information and belief, a consumer reporting agency, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

7. Defendant TRANSUNION, at all times relevant to this complaint, was and is, upon information and belief, a consumer reporting agency, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

8. Defendant EXPERIAN, at all times relevant to this complaint, was and is, upon information and belief, a consumer reporting agency, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

9. Defendant, H.S.B.C., at all times relevant to this complaint, was and is, upon information and belief, a Financial Institution and Lender insured by the Federal Depositor's Insurance Corporation ("FDIC"), which furnishes information to consumer reporting agencies, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

10. Defendant, CAPITAL ONE, at all times relevant to this complaint, was and is, upon information and belief, a Financial Institution and Lender insured by the Federal Depositor's Insurance Corporation ("FDIC"), which furnishes information to consumer reporting agencies, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers

for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

11. Defendant, FIRST PREMIER BANK, at all times relevant to this complaint, was and is, upon information and belief, a Financial Institution and Lender insured by the Federal Depositor's Insurance Corporation ("FDIC"), which furnishes information to consumer reporting agencies, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

12. Defendant, AMERICAN HONDA FINANCE COMPANY, at all times relevant to this complaint, was and is, upon information and belief, automotive credit and lending agency, which furnishes information to consumer reporting agencies, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15 U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

13. Defendant, MIDLAND CREDIT MANAGEMENT, at all times relevant to this complaint, was and is, upon information and belief, a COLLECTION AGENCY, regulated by the Consumer Fair Debt Collection Practices Act, which furnishes information to consumer reporting agencies, as that term is defined by the FCRA, 15 U.S.C.A. § 1681 et seq., and as defined in 15

U.S.C.A. § 1681a(f), as an agency which, for monetary fees or dues, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate or foreign commerce for the purposes or preparing or furnishing said reports.

14. Defendants acted, in whole or in part, jointly and collectively in failing or refusing to correct inaccurately reported and/or fraudulent activity and did act, in whole or in part, jointly and collectively in failing or refusing to remove derogatory information which was the product of fraudulent activity.

**Facts**

I. BACKGROUND:

15. Plaintiff's son, Daniel Miller, has had a long history of substance abuse and addiction, along with a criminal history dating back to 1989. This criminal history was dedicated to acts of fraud and possession of forged instruments, used to obtain money, goods and services with which he fed his narcotic addiction.

16. During the periods of 2002 to 2005, and unbeknownst to plaintiff, Daniel did open several revolving credit accounts, under the plaintiff's name, without her knowledge or consent.

17. The first discovery was made in May, 2003, when Daniel did take a 2002 Honda Accord, financed through defendant AMERICAN HONDA FINANCE COMPANY, and attempted to trade said vehicle in exchange for a 2004 Chrysler at a local dealership.

18. Daniel led his mother to believe that the loan for the new vehicle would incorporate the former loan, and she would no longer be responsible. In any event, he forged the title to the

5

vehicle, and tendered the car as and for down payment for the new vehicle, along with a fraudulent bank check.

19.   By the time the plaintiff discovered this, the car was already repossessed by AMERICAN HONDA FINANCE COMPANY.

20.   Plaintiff procured a mortgage, and immediately paid the entire balance due on the vehicle.

21.   Later, Daniel also fraudulently obtained money by depositing fraudulent bank checks into plaintiff's H.S.B.C. Checking Account, and using the money prior to the bank having discovered the checks were fraudulent.

22.   Daniel was arrested, pleaded guilty, and was ultimately sentenced in this very court, before the Hon. Thomas C. Platt, in connection with these cases, as well as the Nassau County District Court, by the Hon. Lea Ruskin. I have attached hereto as "EXHIBIT A" and "EXHIBIT B" copies of the relevant portions of the Presentence Investigation Report prepared in conjunction with this case, and the Sentence and Commitment Order of the Nassau County Court.

23.   Later, in or about mid 2007, plaintiff discovered the fraudulent accounts opened in her name, and Daniel admitted to doing this as well.

24.   Plaintiff and Daniel agreed that in lieu of any further criminal cases being pursued against him, that he would indemnify and hold harmless the plaintiff with respect to any further civil liability, in exchange for an AFFIDAVIT OF CONFESSION OF JUDGMENT and STIPULATION AGREEMENT being executed by Daniel. Said AFFIDAVIT OF CONFESSION OF JUDGMENT and STIPULATION was duly executed on November 10th, 2007, a copy of which is attached hereto as "EXHIBIT C."

II. <u>INFORMATION REPORTED BASED ON FRAUDULENT ACTIVITY</u>:

25. On November 12, 2007, a dispute was sent to all three credit reporting agencies, namely, defendants EQUIFAX, TRANSUNION and EXPERIAN, outlining the disputed information, and containing copies of the CONFESSION OF JUDGMENT and STIPULATION. I have attached hereto as "EXHIBIT D" a copy of the dispute letter.

26. The defendants named in paragraph 25 hereinabove failed or refused to remove or correct the inaccurate data.

27. Another demand was sent in September, 2008, and again on May 11, 2009. I have attached hereto as "EXHIBIT E" a copy of the May letter.

28. It has been over the statutory five (5) business days to correct said report, set forth in Title 15, United States Code, Section 1681, and that fact notwithstanding, the credit reports have not been corrected. I have attached hereto as "EXHIBIT F" a composite copy of the combined three reports from defendants EQUIFAX, TRANSUNION and EXPERIAN.

29. A notice and demand (a copy of which is unavailable) was also sent to the three credit reporting agencies on today's date.

30. Copies of all letters and documents were also forwarded to defendants CAPITAL ONE, HONDA, H.S.B.C., MIDLAND, and FIRST PREMIER, in November, 2007, September, 2008, and May, 2009. Defendants have each failed or refused to correct the inaccurate information reported by them, to the defendant credit reporting agencies.

### III. PLAINTIFF IS BEING DENIED CREDIT DUE TO INACCURATE INFORMATION RESULTING IN SUBSTANTIAL HARM:

31. Plaintiff is a 77 year old disabled stroke-victim, widow. She is paying two mortgages with extremely high rates that she cannot afford. She must work beyond retirement, and is also caring for Daniel, who was released from prison just 8 months ago, and cannot find work, as well as her 56 year old daughter Ann, who is disabled with Diabetes, Diabetic Neuropathy, Diabetic Retinopathy, and Kidney Failure. I have attached hereto as "EXHIBIT G" copies of plaintiff's medical documentation, and as "EXHIBIT H" copies of Ann's Medical Documentation.

32. In addition, the home is in desperate need of structural repairs, such as a new boiler, and new entrance steps. I have attached hereto as "EXHIBIT I" photographs of the structural repairs so desperately necessary.

33. Also, plaintiff ambulates with a walker and is in desperate need of having a ramp to access the home. Plaintiff's daughter, Ann, must go to dialysis three times a week, and uses a wheelchair. She is unable to go up and down the stairs, and has fallen on at least two occasions.

34. The boiler is in desperate need of replacement and plaintiff has been told by two separate oil contractors that the boiler is in danger of blowing up.

35. Plaintiff has attempted to obtain credit through Wells Fargo Bank, Home Depot and other credit services to have these necessary repairs made, and has been consistently denied credit due to these inaccuracies.

## Claims for Damages

36. Some of the acts of defendants as described above were in willful noncompliance, and some of their acts were in negligent noncompliance, with the requirements of the FCRA.

37. As a result of defendants' wrongful acts, as described above, plaintiff has suffered mental anguish, damage to her reputation, embarrassment, humiliation, and delay in obtaining credit, all to plaintiff's damage in the sum of $250,000.00.

38. In addition, plaintiff is entitled to punitive damages in the sum of $250,000.00.

39. Further, plaintiff is seeking a preliminary and permanent injunction, enjoining the defendant credit reporting agencies to retroactively correct said reports and corresponding FICO scores, to the dates that the fraudulent activity was first made, or at minimum to the date first reported, which was November 12, 2007.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

1. Money judgment in the amount of $500,000.00, together with interest from November 12, 2007, plus the costs of this action;

2. Judgment declaring the acts of the defendants in clear violation of the FCRA;

3. Preliminary and permanent injunction enjoining the defendants to retroactively correct said reports and corresponding FICO scores, to the dates that the fraudulent activity was first made, or at minimum, the date first reported; and

4.  For such other and further relief as to this court may deem to be just, proper and reasonable.

**Dated:**   Inwood, New York   **Respectfully submitted,**
June 8, 2009

*Mary Miller*
MARY MILLER
***Plaintiff, Pro Se***
207 West Broadway
Inwood, N.Y. 11096
(516) 239-5900
dm11096@optonline.net

### Declaration

I declare that the foregoing is true and correct, to the best of my knowledge, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

*Mary Miller*
Mary Miller

Executed on the 8th day of June, 2009,
within the State of New York.