```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MARY MILLER,


                    Plaintiff,            MEMORANDUM & ORDER
                                          09-CV-2499(JS)(WDW)
           - against -

EQUIFAX CREDIT INFORMATION
SERVICES, EXPERIAN, TRANSUNION,
H.S.B.C. BANK, N.A., CAPITAL ONE
BANK, N.A., FIRST PREMIER BANK,
AMERICAN HONDA FINANCE CORP.,
MIDLAND CREDIT MANAGEMENT,


                    Defendants.

-----------------------------------X
APPEARANCES:
For Plaintiff:         Mary Miller, Pro Se
                       207 W. Broadway
                       Inwood, NY 11906-1321


For Defendants:

Equifax Credit         Richard Thomas Marooney, Jr., Esq.
Information            King & Spalding
Services              1185 Avenue of the Americas
                       New York, NY 10036


Experian               No Appearance


Transunion             Timothy P. Creech, Esq.
                       Kogan Trichon & Wertheimer P.C.
                       1818 Market St., 30th Floor
                       Philadelphia, PA 19103


H.S.B.C. Bank, N.A.    No Appearance


Capital One            Zachary Murdock, Esq.
Bank, N.A.             Lazer, Aptheker, Rosella & Yedid P.C
                       225 Old Country Road
                       Melville, NY 11747


First Premier Bank     Dennis M. Rothman, Esq.
                       Lester, Schwab, Katz & Dwyer
                       120 Broadway
                       New York, NY 10271-0071


American Honda         Howard A. Fried, Esq.
Finance Corp.          Segal McCambridge Singer & Mahoney, Ltd
                       830 Third Avenue, Suite 400
```

New York, NY 10022

| Midland Credit Management | Thomas A. Leghorn, Esq. Wilson, Elser, Moskowitz, Edelman & Dicker 3 Gannet Drive White Plains, NY 10604 |
| Experian Information Solutions, Inc. | George Edward Spencer, Esq. Jones Day 222 E. 41st Street New York, NY 10017 |

SEYBERT, District Judge:

On June 11, 2009, Plaintiff Mary Miller ("Plaintiff") filed a Complaint and an unsuccessful order to show cause. Plaintiff also filed an application to proceed in forma pauperis. On July 7, 2009, this Court granted Plaintiff's application, and directed the United States Marshals Service to serve the Complaint upon the Defendants without prepayment of fees. Service via mail on Defendant First Premier Bank ("First Premier") was unsuccessful.

On January 22, 2010, First Premier filed a letter motion requesting that the Court dismiss Plaintiff's claims, sua sponte, for failure to properly effectuate service. Thereafter, on March 2, 2010, the Marshals Service properly served First Premier. In their latest application to the Court, First Premier renews its motion for dismissal, and in the alternative, seeks an extension of time to file its Answer.

In reviewing a motion to dismiss for insufficient service of process, the Court must determine whether the failure to properly effect service was excused due to good cause and, if not, whether the cause of action should be dismissed. See Morales v. New York State Dep't of Labor Div. of Employee Servs., 06-CV-0899, 2007 U.S. Dist. LEXIS 72172, at *8 (N.D.N.Y.

2

Sept. 27, 2007).  Generally, a pro se litigant proceeding in forma pauperis is entitled to rely upon the U.S. Marshals to effect service.  See FED. R. CIV. P. 4(c)(3); Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986).  The Second Circuit has stated that a plaintiff's in forma pauperis status "shift[s] the responsibility for serving the complaint from [the plaintiff] to the court."  Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996); see also Kavazanjian v. Rice, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. Jun. 6, 2005) (holding that "[f]or plaintiffs proceeding in forma pauperis . . . the Marshal's Office--not the plaintiff--is primarily responsible for effecting service.") (citing 28 U.S.C. § 1915(a) ("The officers of the court shall issue and serve all process and perform all duties in [in forma pauperis] cases.")).  Where a pro se litigant is proceeding in forma pauperis and Defendant was not properly served, the Court typically considers whether Defendant had actual notice of the lawsuit and whether Defendant was prejudiced by the U.S. Marshal's failure to effect proper service.  See Morales, 2007 U.S. Dist. LEXIS 72172, at *13 (holding that "good cause" existed for plaintiff's failure to properly effect service where, inter alia, Defendant "had actual notice of [the] complaint well within the 120 day service period, and therefore was not prejudiced by the failure to effect proper service").

In this case, First Premier clearly knew about the

existence of this case. Moreover, in its own application, First Premier nowhere mentions any prejudice that it has suffered as a result of the Marshals Service's failure to effectuate service. Finally, it seems unfair to penalize the pro se Plaintiff for no failure of her own by dismissing her case on this ground. Accordingly, First Premier's motion to dismiss is DENIED, and First Premier is directed to file its Answer within twenty (20) days from the date that this Order is entered.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March   9  , 2010
           Central Islip, New York