1384849

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARY MILLER,                                    :
                                                                                               09 CV 10-0023 (JS)(WDW)
                                Plaintiff,     :

     – against –                              :
                                                                          ANSWER
EQUIFAX CREDIT INFORMATION SERVICES, *et al.*,   :

                                 Defendants.    :
------------------------------------------------------------------------X

       This is the answer of defendant First Premier Bank to the complaint.

### Answering "Introduction"

1. First Premier Bank denies the introduction to the complaint.

### Answering "Jurisdiction And Venue"

2. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 1 through 4 of the complaint.

### Answering "Parties"

3. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 5 through 10 of the complaint.

4. First Premier Bank denies paragraph 11 of the complaint.

5. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 12 and 13 of the complaint.

6. First Premier Bank denies paragraph 14 of the complaint.

Answering "Facts/Background"

7. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 15 through 24 of the complaint.

Answering "Facts/Information Reported Based On Fraudulent Activity"

8. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 25 through 29 of the complaint.

9. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraph 30 of the complaint as to all defendants other than First Premier Bank, and denies paragraph 30 as to as to First Premier Bank.

Answering "Facts/Plaintiff Is Being Denied Credit, Etc."

10. First Premier Bank lacks knowledge or information sufficient to form a belief as to the truth of paragraphs 31 through 35 of the complaint.

Answering "Claim For Damages"

11. First Premier Bank denies paragraphs 36 through 39 of the complaint.

First Affirmative Defense

12. First Premier Bank adopts and incorporates by reference each and every affirmative defense alleged by each and every defendant herein as if set out here verbatim and specifically made applicable to First Premier Bank.

2

Second Affirmative Defense

13. To the extent not made redundant by the assertion of the first affirmative defense, the claim is barred by limitation of time, whether statutory or contractual.

Third Affirmative Defense

14. To the extent not made redundant by the assertion of the first affirmative defense, if plaintiff notified First Premier Bank that any information First Premier Bank may have reported was incorrect, First Premier Bank promptly undertook an investigation and took such corrective measures as were warranted.

Fourth Affirmative Defense

15. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff did not give timely notice of the disputed items of which she complains in this action.

Fifth Affirmative Defense

16. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff's claim is equitably estopped and is barred by unclean hands inasmuch as, without limitation, this action is commenced for no proper purpose but to vex and harass First Premier Bank for the purpose of extracting an unmerited settlement.  *See Miller v. County of Nassau*, USDC/EDNY 07 CV 5203 (JS)(WDW), and the report and recommendation dated March 10, 2010 therein.

### Sixth Affirmative Defense

17. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff's claim is barred by laches.

### Seventh Affirmative Defense

18. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff failed to mitigate her damages.

### Eighth Affirmative Defense

19. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff's claim is barred by laches.

### Ninth Affirmative Defense

20. To the extent it is not made redundant by the assertion of the first affirmative defense, plaintiff ratified and adopted the actions of her son as her own, and is therefore responsible for his defaults.

### Tenth Affirmative Defense

21. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff did not serve the summons and complaint in compliance with Rule 4 of the Federal Rules of Civil Procedure.

### Eleventh Affirmative Defense

22. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff's fault caused or contributed to her damages, and her recovery is ot be barred or diminished accordingly.

### Twelfth Affirmative Defense

23. To the extent not made redundant by the assertion of the first affirmative defense, plaintiff acted reasonably in good faith, without malice or intent to injure plaintiff.

### Thirteenth Affirmative Defense

To the extent not made redundant by the assertion of the first affirmative defense, plaintiff's demand for punitive damages is barred by the constitution of the Untied States, statute and case law.

Wherefore, First Premier Bank demands judgment dismissing the action, with costs and its reasonable attorneys' fees and expenses.

Dated: New York, NY        LESTER SCHWAB KATZ & DWYER, LLP
      March 29, 2010            120 Broadway
                                     New York, NY  10271
                                     212 964-6611

                                    /S/ Dennis M. Rothman
                                 _____
                                  Dennis M. Rothman

Declaration Of Service

Dennis M. Rothman states that on March 29, 2010 he caused a copy of the attached notice of appearance to be served on the following personsthrough the court's ECF system:

Howard A. Fried hfried@smsm.com
Attorney for Defendant American Honda Finance Corp.

Timothy P. Creech tcreech@mstkw.com, preid@mstkw.com, ynunez@mstkw.com
Attorneys for Defendant Trans Union LLC

Thomas A. Leghorn leghornt@wemed.com
Attorney for Defendant Midland Credit Management

Zachary Murdock murdock@larypc.com, fox@larypc.com
Attorney for Defendant Capital One Bank (USA), N.A.

Richard Thomas Marooney, Jr RMarooney@kslaw.com, jcmccullough@kslaw.com
Attorneys for Defendant Equifax Information Services LLC

George Edward Spencer gspencer@jonesday.com, dpjacobson@jonesday.com
Attorneys for Defendant  Experian Information Solutions, Inc.

Mary Miller dm11096@optonline.net
Plaintiff pro se

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on March 29, 2010.

/S/

_____
Dennis M. Rothman